IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK BULACHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:10-CV-00156-M |
| ENOWA, LLC, ENOWA CONSULTING | § | |
| GmbH, WINFRIED S. HESEL, and | § | |
| ALI SARRAAF, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Frank Bulacher ("Plaintiff") files this Complaint complaining of Defendant Enowa, L.L.C. ("Enowa"), Enowa Consulting GmbH ("Enowa GmbH"), Winfried S. Hesel ("Hesel") and Ali Sarraf ("Sarraf") (Enowa, Enowa GmbH, Hesel, and Sarraf collectively "Defendants"), and for cause of action respectfully avers as follows:

### I.
### Jurisdiction and Venue

1.      This Court has jurisdiction in this action pursuant to 28 U.S.C. § 1441(b), and venue is proper under 28 U.S.C. § 1391(b)(c). Defendants have no appointed agents for service of process within the State of Texas as required by law, but pursuant to the actions herein complained of, Defendants have in fact conducted business within the State of Texas and or committed a tort, in whole or in part, in the State, such that each Defendant has sufficient contacts within the Stat of Texas to satisfy the minimum jurisdictional requirements under both federal and state law. Specifically, Defendants have entered into a contract with Plaintiff, which

Plaintiff was to perform, in whole or in part, in the State of Texas. Additionally, Defendants have regularly conducted business in the State of Texas through Plaintiff, who acted as a representative and vice-president on behalf of Defendant in the State of Texas. Consequently, Defendants have sufficient minimum contacts with the State of Texas to satisfy the minimum jurisdictional requirements under state and federal law, both under general and specific jurisdictional analyses.

## II.

## Background Facts

2.     Enowa is engaged in the business of providing SAP Software Consultant Services. Enowa GmbH, Hesel and Sarraf are the managing members of Enowa. Effective February 1, 2004, Plaintiff became a member and was also employed by Enowa as a BI Practice Manager pursuant to an employment agreement (the "Employment Agreement"), and in consideration for the services to be performed by Plaintiff, Enowa agreed, among other things, to pay Plaintiff a fixed salary of $100,000.00 per year, plus quarterly bonuses based upon Plaintiff's sales performance. Plaintiff was also given an initial stock ownership interest of 4.55% of the issued and outstanding stock of the Enowa. Plaintiff was thereafter promoted to vice president and Plaintiff's stock interest in the company was increased to 13.3%, and ultimately to 17% of the issued and outstanding stock of Enowa. Plaintiff's bonus compensation was thereafter changed and was based not only on his sales performance, but also on the company's sales performance. Plaintiff's guaranteed salary was increased, and at the time of his termination, Plaintiff was paid a guaranteed salary of $10,250.00 per month, for an annual salary of $123,000.00.

3. Further, Plaintiff was principally responsible for sales in the southwestern territory, to include the State of Texas, and Plaintiff performed his services on behalf of Enowa in Fort Worth, Texas. Further, the members of Enowa routinely conducted quarterly meetings to discuss company business, and a quarterly meeting was held approximately one year ago in 2008 wherein the parties discussed a number of issues related to the establishment of Plaintiff's independence, including allowing Plaintiff to lease company offices, employ new company representatives, and sign customer contracts.

4. However, although each of these issues were discussed and agreed to at the quarterly meeting held in 2008, Enowa failed to follow-up on its agreement to expand Plaintiff's authority and independence, as promised. To the contrary, Enowa failed to provide Plaintiff with access to critical resources necessary to expand sales activity in his territory. Moreover, within the last few months, Enowa also blocked Plaintiff's access to critical financial information which was not only necessary to evaluate the company's existing financial position, but also the future prospects for expanding the company's profitability.

5. Further, Defendants ultimately terminated Plaintiff's employment, effective September 16, 2009, without giving a mandatory 30-day written notice, as required by the Employment Contract. In fact, Plaintiff was not provided with written notice until September 17, 2009, the date after his termination occurred. Additionally, Defendants have attempted to induce Plaintiff to sign a Termination Agreement which provides, among other things, that Enowa will repurchase Plaintiff's 17% interest in the issued stock of Enowa at a price which is a mere fraction of the true market value of Plaintiff's interest.

6. Further, based on information and belief, Defendants committed one or more acts with the intent of depriving Plaintiff of his fair share of company benefits and/or compensation

by, among other things, utilizing prepaid consultant fees to artificially lower the company's income performance, thereby reducing the amount of quarterly bonuses paid to Plaintiff. Moreover, Defendants have continued to pay themselves bonuses and/or other distributions which Plaintiff believes are excessive and made with the intention of further diluting the value of Plaintiff's interest in the company. Moreover, the foregoing acts were committed by Defendants in an effort to wrongfully exclude Plaintiff from the company, and to thereby deprive him of compensation and/or benefits due, and the true value of his 17% interest in the issued and outstanding stock of the company.

### III.
### CLAIM ONE
### Breach of Contract

7.      Plaintiff incorporates by reference the allegations contained in paragraphs 1-6 hereinabove as if fully set forth herein at length.

8.      Plaintiff avers that Plaintiff was employed by Defendant pursuant to the Employment Agreement and that Plaintiff continued to perform his obligations under the Employment Agreement until Defendant breached the Employment Agreement by purporting to terminate Plaintiff, without complying with the terms of the Employment Agreement, which action damaged Plaintiff and for which Plaintiff sues Defendants, jointly and severally.

### IV.
### CLAIM TWO
### Shareholder Oppression

9.      Plaintiff incorporates by reference the allegations contained in paragraphs 1-8 hereinabove as if fully set forth herein at length.

10. Plaintiff avers that Defendants have engaged in oppressive and wrongful conduct inasmuch as the Enowa Principals displayed a lack of probity and fair dealing in the company's affairs to the prejudice of Plaintiff, and have visibly departed from the standards of fair dealing, on which each shareholder in the company, including Plaintiff, is entitled to rely.  Moreover, the Enowa Principals' conduct was intended to substantially defeat Plaintiff's expectations, as a minority shareholder of Enowa which, when objectively viewed, were both reasonable under the circumstances and central to Plaintiff's decision to join Enowa and to thereafter acquire a valuable stockholder's interest in the company.  Specifically, Defendants have engaged in a concerted effort to dilute and deprive Plaintiff of the value of his 17% stockholders interest in the company by, among other things, (1) utilizing prepaid consultant fees to artificially lower the company's income performance prior to Plaintiff's termination, (2) thereafter terminating Plaintiff's employment with the intent to, among other things, prohibit Plaintiff's access to critical financial and/or business information related to the company and (3) to further dilute the value of Plaintiff's 17% stockholders interest in Enowa by paying excessive bonuses and/or other distributions to the remaining members, to the exclusion of Plaintiff.  Further, the foregoing actions directly and proximately caused Plaintiff damages, for which Plaintiff hereby sues Defendants, jointly and severally, or alternatively, by virtue of the foregoing oppressive conduct, Plaintiff is entitled to an equitable decree of this Court requiring Defendants to buy-out Plaintiff's interest in Enowa for its market value, for which Plaintiff hereby sues.

### V.

### CLAIM THREE
### Breach of Fiduciary Duty

11. Plaintiff incorporates by reference the allegations contained in paragraphs 1-10 hereinabove as if fully set forth herein at length.

12. Pleading further, as the majority shareholders of Enowa, Defendants owe Plaintiff a fiduciary duty not to commit acts which constitute shareholder oppression under Texas law. Moreover, Defendants have breached their fiduciary duty to Plaintiff by engaging in a concerted effort to dilute and deprive Plaintiff of the value of his 17% stockholders interest in the company by, among other things, (1) utilizing prepaid consultant fees to artificially lower the company's income performance prior to Plaintiff's termination, (2) thereafter terminating Plaintiff's employment with the intent to, among other things, prohibit Plaintiff's access to critical financial and/or business information related to the company and (3) to further dilute the value of Plaintiff's 17% stockholders interest in Enowa by paying excessive bonuses and/or other distributions to the remaining members, to the exclusion of Plaintiff.  Further, the foregoing actions directly and proximately caused Plaintiff damages, for which Plaintiff hereby sues Defendants, jointly and severally.

## VI.
## CLAIM FOUR
### Exemplary Damage

13. Plaintiff incorporates by reference the allegations contained in paragraphs 1-12 hereinabove as if fully set forth herein at length.

14. Pleading further, Plaintiff avers that harm suffered by Plaintiff resulted from Defendants' malice and or fraud and that Plaintiff is therefore entitled to recover exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a), for which Plaintiff hereby sues Defendants, jointly and severally.

## VII.
## CLAIM FIVE
### Attorneys' Fees

15.  Plaintiff further sues Defendants for recoupment of a reasonable attorneys' fee for the prosecution, trial, and if applicable, the appeal of this cause of action, on a remitter basis, pursuant to Tex. Civ. P. & Rem. Code Ann. § 38.001 *et* seq.

## VIII.
## CLAIM SIX
### Prejudgment Interest

16.  Plaintiff further sues Defendants for all prejudgment interest to which Plaintiff may be entitled under law.

## IX.
### Jury Demand

17.  Plaintiff hereby makes demand for trial by jury.

WHEREFORE, Plaintiff prays that upon trial Plaintiff be awarded judgment for relief requested above, to include actual and exemplary damages, or alternatively, an equitable decree requiring the buy-out of Plaintiff's interest in Enowa, for prejudgment and postjudgment interest and all costs of Court, attorneys' fees, and for such other and further relief, both at law and in equity, to which Plaintiff may show himself justly entitled.

    Respectfully submitted,

    HOW FRELS BERMAN ROHDE
    WOODS & DUKE, P.C.


    By: /s/ Mark Frels
       MARK H. HOW
       State Bar No. 10059900
       MARK FRELS
       State Bar No. 07438200

2027 Young Street  
Dallas, Texas 75201  
214-720-2220 Telephone  
214-720-2240 Facsimile  
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On February 25, 2010 the foregoing document was electronically submitted to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) as follows:

**Via Facsimile: 214-706-4242**
Richard J. Wallace, III
Eric C. Wood
SCHEEF & STONE, LLP
500 N. Akard, Suite 2700
Dallas, Texas 75201

/s/ Mark Frels