**IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| FRANK BULACHER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-156 -M |
| | § | |
| ENOWA, L.L.C., ENOWA | § | |
| CONSULTING GMBH, WINFRIED S. | § | |
| HESEL, and ALI SARRAF, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the Defendants' Motion to Dismiss [Docket Entry #3].  For the reasons explained below, the Motion is **DENIED**.

### I.   BACKGROUND AND PROCEDURAL HISTORY

Defendant Enowa, L.L.C. ("Enowa") is a software consulting services firm managed by Defendants Enowa Consulting GmBH, Winfried S. Hesel, and Ali Sarraf (collectively, "Defendants").  Plaintiff Frank Bulacher is a former employee and current shareholder of Enowa, owning 17% of its outstanding stock.

On October 14, 2009, Bulacher filed suit against the Defendants in state court for breach of contract, shareholder oppression, and breach of fiduciary duty.  Bulacher alleges that the Defendants breached his employment contract by terminating him without thirty days' written notice.  He also alleges that the Defendants have engaged in oppressive conduct and have breached their fiduciary duties by diluting, and depriving him of the value of, his 17% shareholder's interest in Enowa.

On January 28, 2010, the Defendants removed the suit to this Court and now move to dismiss Bulacher's breach of contract and shareholder oppression claims.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support.[1] While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation."[2] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[3] Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief.[4]

## III. ANALYSIS

### A. Breach of Contract

The elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage to the plaintiff as a result of the breach.[5] Bulacher's breach of contract claim is not based on the termination itself, but on the Defendants' failure to comply with the notice provision of his employment contract, which requires thirty days' written notice before termination. Bulacher properly pleads the existence of a valid contract and the specific term that was breached by the Defendants. He also pleads that he continued to perform under the employment contract until the Defendants' breach, and that he was damaged by their breach. The Defendants' Motion to Dismiss is therefore **DENIED** as to the breach of contract claim.

---

[1] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).
[2] *Id.* at 1949-50 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[3] *Twombly*, 550 U.S. at 570.
[4] Fed. Rule Civ. P. 8(a)(2); *Iqbal*, 129 S. Ct. at 1950.
[5] *Williams v. First Tenn. Nat'l Corp.*, 97 S.W.3d 798, 802 (Tex. App.—Dallas 2003, no pet.).

B.  Shareholder Oppression

Texas courts define "oppressive conduct" as:

1.  majority shareholders' conduct that substantially defeats the minority's expectations that, objectively viewed, were both reasonable under the circumstances and central to the minority shareholder's decision to join the venture; or

2.  burdensome, harsh, or wrongful conduct; a lack of probity and fair dealing in the company's affairs to the prejudice of some members; or a visible departure from the standards of fair dealing and a violation of fair play on which each shareholder is entitled to rely.[6]

Bulacher contends that the Defendants engaged in oppressive conduct by launching a concerted effort to dilute and deprive Bulacher of the value of his 17% interest in the company. Specifically, Bulacher alleges that the Defendants used prepaid consultant fees to artificially lower the company's income performance, and thereby reduce Bulacher's quarterly income-based bonuses, before his termination; that his termination was intended to, among other things, prohibit his access to critical financial and/or business information related to the company; that the Defendants attempted to induce Bulacher to sign an agreement allowing Enowa to repurchase his 17% interest in the company at a price that was a mere fraction of its true market value; and that the Defendants paid excessive bonuses and/or distributions to themselves after his termination.

Texas courts take a broad view of the application of oppressive conduct to a closely-held corporation such as Enowa.[7]  In this context, the facts alleged by Bulacher are sufficient to state

---

[6] *Willis v. Bydalek*, 997 S.W.2d 798, 801 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (citing *Davis v. Sheerin*, 754 S.W.2d 375, 381-82 (Tex. App.—Houston [1st Dist.] 1988, writ denied)).
[7] *Davis*, 754 S.W.2d at 381.

a claim for shareholder oppression under Texas law.[8]  The Defendants' Motion to Dismiss

Bulacher's shareholder oppression claim is therefore **DENIED**.

## IV. CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss is **DENIED**.


**SO ORDERED.**

March 23, 2010.



BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[8] *See Redmon v. Griffin*, 202 S.W.3d 225, 235 (Tex. App.—Tyler 2006, pet. denied) (concluding that plaintiffs sufficiently alleged a claim for shareholder oppression by alleging, *inter alia*, that the majority shareholders had employed "squeeze out" techniques to deprive the plaintiffs of the fair value of their shares); *Davis*, 754 S.W.2d at 382 (describing oppressive acts of the majority in a closely-held corporation as attempts to "squeeze out" the minority using techniques such as malicious suppression of dividends or excessive salaries, and finding shareholder oppression where the majority shareholders conspired to deprive the minority shareholder of his stock and breached their fiduciary duty by wrongfully withholding dividends and wasting corporate funds on personal attorney's fees).